**In re the Petition for DISCIPLINARY ACTION AGAINST David F. DURENBERGER, an Attorney at Law of the State of Minnesota.**

No. C8–91–33.

Supreme Court of Minnesota.

Jan. 11, 1991.

---

## ORDER

The Director of the Lawyers Professional Responsibility Board filed a petition with this Court alleging that the respondent David F. Durenberger has committed professional misconduct warranting public discipline. In the petition, the Director alleges four separate counts of misconduct, each of which describes violations of one or more rules of professional conduct. The United States Senate denounced respondent, and required him to return funds to the Senate, in part for conduct substantially similar to that alleged herein.

In count one of the petition, the Director alleges that respondent obtained reimbursement from the United States Senate for 1983 rental expenses purportedly paid to a partnership, originally known as the Durenberger–Scherer partnership, for use of a certain condominium during periods when no such partnership existed or owned or leased the condominium; that respondent back-dated certain documents relating to the ownership of the condominium in question and to the alleged partnership, thereby allowing certain false statements regarding the dates in such documents to be made; that respondent filed a 1983 tax return reflecting purported partnership transactions during a period when the partnership did not in fact exist; and that respondent changed the partnership name to the "703/603 Association" in an effort to conceal his ownership interest in the condominium.

In count two of the petition, the Director alleges that, in or about June 1985, respondent's attorney, as trustee, and respondent, as grantor, established a blind trust; that the blind trust contained several provisions limiting or prohibiting communication between respondent's attorney and respondent, as trustee and grantor; that the blind trust further was governed by the provisions of the Ethics in Government Act which, among other things, also limited communication between respondent's attorney and respondent; that respondent signed a quit claim deed conveying the condominium in question from the Durenberger–Scherer partnership to his attorney as trustee of the blind trust; that thereafter, respondent continued his relationship with his attorney with regard to matters involving the condominium until at least the fall of 1989, thereby violating the terms of the blind trust, the relevant federal statutes, and the Information Certification attached to the blind trust pursuant to the Ethics in Government Act.

In count three of the petition, the Director alleges that the respondent, as the sole beneficiary of the blind trust, had no basis for claiming reimbursement for rental charges by the partnership from the Senate; that, nonetheless, respondent continued to claim and receive reimbursement for partnership rent after he established the blind trust; that even after the partnership was dissolved and after respondent was advised by his attorney that there was no legal basis for claiming rental reimbursement, respondent continued to claim and receive rental reimbursement for alleged payments to the partnership through March 1987; that respondent commenced efforts to sell the condominium to Independent Service Company sometime after March 1987; that negotiations between respondent and ISC continued for a period of several months; that, an oral agreement with ISC was reached in August 1987, but the deed to the condominium was not delivered to ISC until October 1989; that, arguably, the transfer and sale of the condominium to ISC never has been completed because the deed has not yet been filed; that, as a result, the blind trust continued as the owner of the condominium for a significant period of time after the partnership dissolved and still may be the owner of the condominium; that respondent, accordingly, had no legal basis for claiming rental reimbursement; and that, despite these circumstances and despite additional legal advice that there was no legal basis for claiming rental reimbursement until the condominium was sold to ISC or another party, respondent continued to claim and receive reimbursement for rent he allegedly paid.

In count four of the petition, the Director alleges that, for the period of time during which respondent claims the condominium was owned by ISC, respondent regularly retained public funds intended as rental reimbursement for his own benefit; that respondent retained the public funds for substantial periods of time before paying the funds to ISC; that respondent also obtained substantial benefits from the purported sales and rental agreement between himself and ISC, including reduction of his mortgage amount and the right to repurchase the condominium at the same price paid by ISC; and that respondent obtained $85 per night as a purported reasonable rental payment for the condominium when respondent did not regard this amount as reasonable, and when the $85 yielded an amount exceeding the cost-based term of the lease.

Contemporaneous with the filing of the petition, the Director filed a stipulation between the respondent and the Director. In the stipulation, the respondent waives all of his procedural rights to hearings as provided in Rule 10(a), Rule 9 and Rule 14 of the Rules on Lawyers Professional Responsibility. Respondent also waives his right to interpose an answer and, in doing so, acknowledges that he is bound, for purposes of this proceeding, by all of the factual allegations of the petition. Respondent joins with the Director in recommending that appropriate discipline pursuant to Rule 15, Rules on Lawyers Professional Responsibility, is an indefinite suspension. Respondent further agrees to the imposition and payment of $750 in costs pursuant to Rule 24, Rules on Lawyers Professional Responsibility.

The Court, having considered all of the facts and circumstances surrounding this matter, the petition of the Director, and the stipulation of the parties, NOW ORDERS:

1. That the respondent, David F. Durenberger, hereby is suspended pursuant to Rule 15 of the Rules on Lawyers Professional Responsibility for an indefinite period of time commencing with the date of this order.

2. That, if and when the respondent seeks reinstatement to the practice of law in this state, respondent's reinstatement proceedings shall be governed by Rule 18, Rules on Lawyers Professional Responsibility.

3. That the respondent shall pay to the Director the sum of $750 in costs and disbursements pursuant to Rule 24, Rules on Lawyers Professional Responsibility.