**In re the Petition for DISCIPLINARY ACTION AGAINST Michael C. MAHONEY, an Attorney at Law of the State of Minnesota.**

**No. C3–91–781.**

Supreme Court of Minnesota.

Sept. 11, 1991.

## ORDER

The Director of the Lawyers Professional Responsibility Board filed a petition with this Court alleging that the respondent Michael C. Mahoney has committed professional misconduct warranting public discipline. In the petition, the Director alleges that respondent, while acting as counsel for Senator David F. Durenberger regarding certain aspects of Durenberger's interests in a Minneapolis condominium, falsely dated and notarized documents; violated the terms of a blind trust by communicating with Durenberger regarding the blind trust, in violation of the terms of the blind trust and in violation of a statute which regulates such trusts; and assisted Durenberger in obtaining rental reimbursement for Durenberger's condominium to which Durenberger was not entitled by preparing documents, the dates of which made it appear that Durenberger had entered into an agreement to sell and lease-back the condominium before any such sale actually had occurred. This court indefinitely suspended Durenberger from the practice of law on January 11, 1991 for his participation in the condominium and blind trust transactions. *See In re Durenberger,* 464 N.W.2d 498 (Minn.1991).

After the petition had been filed, respondent entered into a stipulation for discipline with the Director. In the stipulation, the respondent waived all of his procedural rights to hearings as provided in Rule 14, Rules on Lawyers Professional Responsibility. Respondent also withdrew his answer and admitted, with certain exceptions, the allegations of the petition, but only for

the purposes of this proceeding. Essentially, respondent admits that he signed, directed or was responsible for the false dates, false recitations, false acknowledgements and false notarizations which appear in the documents described in the petition; that it was improper for him to have prepared the documents with dates which made it appear that the parties had executed the documents earlier than they actually had; and that he committed other violations of the Minnesota Rules of Professional Conduct. Respondent denies, however, any intentional dishonesty, fraud or deceit, and denies that he violated any "relevant federal statutes." Respondent joined with the Director in recommending that appropriate discipline pursuant to Rule 15, Rules on Lawyers Professional Responsibility, is a thirty day suspension. Respondent further agreed to the imposition and payment of $750 in costs pursuant to Rule 24, Rules on Lawyers Professional Responsibility.

The Court, having considered all of the facts and circumstances surrounding this matter, the petition of the Director, and the stipulation of the parties, NOW ORDERS:

1. That the respondent, Michael C. Mahoney, hereby is suspended from the practice of law for a period of 30 days, pursuant to Rule 15, Rules on Lawyers Professional Responsibility.

2. That the reinstatement hearing provided for in Rule 18(a) through (d), Rules on Lawyers Professional Responsibility, hereby is waived.

3. That the respondent successfully shall complete the professional responsibility portion of the state bar examination within 1 year of the date of this order.

4. That respondent shall comply with Rule 26, Rules on Lawyers Professional Responsibility.

5. That respondent shall be reinstated following the expiration of the period of suspension, provided that respondent files an affidavit with the Clerk of Appellate Courts at least 15 days before the expiration of the period of suspension which affidavit shall establish that respondent is current with Continuing Legal Education, and fully has complied with Rules 24 and 26, Rules on Lawyers Professional Responsibility.

6. That the respondent shall pay to the Director the sum of $750 in costs pursuant to Rule 24(a), Rules on Lawyers Professional Responsibility, but shall not be responsible for disbursements pursuant to Rule 24(b), Rules on Lawyers Professional Responsibility.